❏ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin ▾

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>**Two cellular devices currently located at the**<br>**ATF Milwaukee Field Office, more fully**<br>**described in Attachment A** | )<br>)<br>)   Case No. 24-862M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:       Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:
  See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
  See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before 6/28/2024 _____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Nancy Joseph, U.S. Magistrate Judge_____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: 6/14/2024 @ 11:17 a.m. _____

*Nancy Joseph* signature

_____
*Judge's signature*

City and state:     Milwaukee, WI _____        Nancy Joseph, U.S. Magistrate Judge
                                              *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

### *Items to be searched*

The property to be searched is described as follows:

1. One (1) Hotpepper, model Tabacso (HPPL62A) clam/flip phone IMEI **358371950032170** currently in the possession of the ATF Milwaukee Field Office case 24-14576, EXH 1.

2. One (1) Apple iPhone, model iPhone 7, IMEI **354918091970983** , cellular phone currently in the possession of the ATF Milwaukee Field Office , case 24-14576, EXH 2.

The aforementioned cellular phones are currently secured at the ATF Milwaukee Field Office evidence vault, located at 1000 N. Water St., suite 1400, in the City of Milwaukee.

This warrant authorizes the forensic examination of the Devices for the purpose of extracting the electronically stored information described in Attachment B.

## ATTACHMENT B

### *Property to be seized*

1. The property to be seized on the subject phones described in Attachment A that relate to violations of **Title 18, United States Code (U.S.C.) 922(g)(1)**- *felon in possession of a firearm*; **Title 21 U.S.C. 841(a)(1)** *Distribution of a controlled substance* and **Title 18 U.S.C. 924(c)** - *Use of a Firearm during the commission of drug trafficking*, involving Antwan WILLIAMS and others, but not limited to:

2. Communications from cellphones to include video footage as well as cellular call records and transmissions/ communications contained within mobile apps.

3. All records on the aforementioned electronic devices that relate to violations above, including, but not limited to:

   a. lists of contacts, photos, IP addresses, videos and any identifying information;
   b. Photographs, videos, or other media storage connected to drugs and firearms;
   c. types, amounts, and prices of drugs and firearms purchased/sold;
   d. any information related to sources or purchasers of drugs and firearms (including names, addresses, phone numbers, or any other identifying   information);
   e. all bank records, checks, credit card bills, account information, and other financial records related to drug and firearms commerce.
   f. Any and all financial records connected to the purchase/ sale of firearms or other criminal activity;
   g. Any information recording WILLIAMS movements or travel;
   h. Any information or media related to WILLIAMS purchase, receipt , transfer or possession of firearms;
   i. Text messages, social media messages and content, and multi-media messages, relating to the sale, purchase, trade or storage of narcotics and or firearms;

4. Evidence of user attribution showing who used or owned the subject devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   a. records of Internet Protocol addresses used;
   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user typed web addresses.

5. As used above, the terms "records" and "information" include all of the foregoing

items of evidence in whatever form and by whatever means they may have been created or

14

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>**Two cellular devices currently located at the**<br>**ATF Milwaukee Field Office, more fully**<br>**described in Attachment A** | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 24-862M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
  See Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:
  See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code<br>(U.S.C.) 922(g)(1) & 924(c) | Felon in possession of a firearm; Use of a Firearm during the commission of drug<br>trafficking |
| Title 21 U.S.C. 841(a)(1) | Distribution of a controlled substance |

The application is based on these facts:
  See attached affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

UNDRE LUDINGTON    Digitally signed by UNDRE LUDINGTON
Date: 2024.06.13 11:22:50 -05'00'

*Applicant's signature*

Undre Ludington, ATF Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means).*

Date: 6/14/2024

*Judge's signature*

City and state: Milwaukee, WI

Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

## APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, Special Agent Undre Ludington, being first duly sworn, hereby depose and state as follows:

## <u>INTRODUCTION AND AGENT BACKGROUND</u>

1. I make this affidavit in support of applications under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property/ extraction of electronic digital data contained within the electronic cellular devices (Described in Attachment B) which are currently in the custody of the ATF Milwaukee Field Office.

2. I am a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives (ATF) and have been employed in this capacity since August 1999. As an ATF Special Agent, I have participated in numerous investigations regarding the unlawful possession of firearms by convicted felons, drug traffickers and violent trigger pullers. I have also conducted investigations enumerated in United States Code (U.S.C.) Title 18 and Title 21 related to the unlawful use of firearms, firearms/narcotics trafficking and identifying those that conspire or aid and abet those who commit these crimes.

3. In addition, I am an ATF Digital Media Collection Specialist (DMCS) and have been trained and tasked with assisting investigators and agents with the forensic recovery of electronic digital data from electronic devices such as computers, cellular phones, digital video recorders and storage devices such as flash memory and thumb drives for use in criminal investigations.

4. This affidavit is based upon my personal knowledge and upon information reported to me by other federal, state, and local law enforcement officers during the course of

1

their official duties, all of whom I believe to be truthful and reliable.

5.     I have participated in numerous firearms trafficking and drug trafficking investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement. I have regularly used electronic evidence, including information about historical and prospective wireless communications, to find proof relating to the commission of criminal offenses, including the manner, means, and identity of co-conspirators.

6.     Based on my training and experience, I have become familiar with the language utilized over the telephone to discuss firearms and drug trafficking and know that the language is often limited, guarded, and coded. I also know that firearms and drug traffickers often use electronic devices (such as computers and cellular phones) and social media to facilitate these crimes, including to communicate and navigate.

7.     Like most everyone else in this day and age, criminals as well as drug and firearm traffickers typically have social media profiles and are able to access it via their computer or cellular telephone. Criminals as well as drug and firearm traffickers commonly maintain cellular telephones as well as social media profile(s), and sometimes allow other criminal associates and/or drug and firearm trafficking associates to use their profile, to conduct criminal gang activity and/or drug and firearm trafficking business.

2

8.     Your affiant also knows through training and experience that subjects will often take photos and videos of themselves and other associates, with their cellphones to boast of their criminal activity and to show fruits of their actions such as images of controlled substances, U.S. Currency or brandishing/ discharging firearms.

9.     I know that firearm/ narcotics traffickers often put their telephones in nominee names to distance themselves from telephones that are utilized to commit/ facilitate these and other forms of criminal activity. These individuals also use proceeds to purchase assets such as vehicles, property, jewelry, narcotics and other items to maintain a social status. I also know that firearms/ narcotics traffickers often use nominees to purchase or title these assets to avoid detection/ scrutiny from law enforcement.

10.    This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

11.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of two cellular devices: first, a, Hotpepper, model Tabacso (HPPL62A), IMEI **358371950032170** cellular phone assigned Madison Police Department (MPD) Property Inventory Tag Number **548348**, item **1**; and second, an Apple iPhone 7, IMEI **354918091970983**, assigned Madison Police Property Tag 548349. These devices are currently at the ATF Milwaukee Field Office Property vault (Case 24-14576): Hotpepper, model Tabacso (HPPL62A) clam/flip phone IMEI **358371950032170, ATF EXH 1** and Apple iPhone, model 7, cellular phone, IMEI **354918091970983, ATF EXH 2**, located at 1000 N. Water St., Suite 1400, Milwaukee, WI 53202.

3

12.    The Madison Police Department has conducted a digital extraction of the Apple iPhone, model iPhone 7, IMEI **354918091970983**, cellular phone (Madison Police Property Tag 548349).

13.    The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## **PROBABLE CAUSE**

14.    The Devices were previously in the lawful possession of the Madison Police Department.  They came into the Madison Police Department's possession as described in the succeeding paragraphs. On June 7, 2024, your affiant made contact with the Madison Police Department Property Section and took physical custody of the Hotpepper, model Tabacso (HPPL62A), IMEI **358371950032170, cellular phone** and the Apple iPhone, model 7, IMEI **354918091970983 cellular phone**. The devices subsequently have been transferred/transported to the custody of the ATF Milwaukee Field Office.

15.    On February 23, 2024, Milwaukee Police Department Officers responded to 5227 W. Meinecke Ave, in the City of Milwaukee regarding a wanted subject, later identified as Antwan R. WILLIAMS (B/M, DOB; XX/XX/2000) who was wanted for violation of his parole.

16.    WILLIAMS was also a suspect in a Reckless Endangering Safety (RES) incident in the City of Madison, Wisconsin, approximately a week prior to this police contact.

17.    Officers positively identified WILLIAMS as the driver of a silver in color, 2010, Hyundai, model Santa Fe, displaying WI license plate ASZ-6065. Officers activated their emergency lights to initiate a traffic stop of the Hyundai, model Sante Fe, driven by WILLIAMS. WILLIAMS attempted to flee in the vehicle and rapidly accelerated over the curb and struck a

4

small tree. The vehicle became stuck on top the tree and Williams was removed from the vehicle and taken into custody.

18. During a search incident to arrest of WILLIAMS officers recovered (2) two clear plastic sandwich bags (knotted at one end) filled with suspected crack cocaine from WILLIAMS front right pants pocket. One of the bags had a total weight of 6.6gm (Milwaukee Police Property Inventory 24005338, item 1) and the other had a total weight of 7.0gm (Milwaukee Police Property Inventory 24005338, item 1).

19. During a search of the vehicle, officers recovered a black in color, Ruger, model Security-9, 9mm cal., pistol, s/n 381-69179 loaded with (8) eight unfired rounds of centerfire ammunition with (1) one round in the chamber in the driver door pocket. The firearm was upside down, with the muzzle orientated toward the front of the vehicle and the handgrip upward. The firearm was later placed on Milwaukee Police Property Inventory 24005322, item 1 and MPD gun tag number 106560. Officers also recovered (5) five digital scales throughout the vehicle.

20. In addition, Officers recovered varying suspected narcotics ranging from pills and suspected crack cocaine, to suspected Psilocybin mushrooms inside of the vehicle. A sample of the suspected crack cocaine was submitted to a field test, which determined the substance to test positive for cocaine base and had a total weight of 15.10gm. A sample of the suspected psilocybin mushrooms was submitted to a field test, which determined the substance to test positive for psilocybin and have a total weight of .3gm. Officers used Drugs.com to positively identify orange round pills as Alprazolam 0.5mg, a schedule 4 drug (total weight of 0.3gm) and the orange and white capsules as Vyvanse 30mg a schedule 2 drug (total weight of 0.9gm). Williams did not have a prescription for the medication.

5

21.     Officers recovered an Apple iPhone, model iPhone 7, cellular phone which was plugged into a charging cord and hanging out of the driver door and a black in color, Hotpepper, model Tabacso (HPPL62A) clam/flip phone from underneath the front passenger seat. These items were turned over to the Madison Police Department, who later conducted a forensic extraction of data from the Apple iPhone, model iPhone 7 IMEI **354918091970983**, cellular phone. (Madison Police Property Tag 548349). The black in color, Hotpepper, model Tabacso (HPPL62A) clam/flip phone, IMEI **358371950032170** was also placed into property. (Madison Police Property Tag 548348).

22.     After the Milwaukee Police Department arrested WILLIAMS, it provided the Devices to the Madison Police Department, in connection with their investigation of the RES incident discussed above. The Devices remained in the Madison Police Department's custody until, as discussed above, the ATF took custody of them. In addition, as noted above, the Madison Police Department has already extracted the data stored on the iPhone 7, and provided a complete and accurate copy of that data extraction to the ATF. Therefore, while the Madison Police Department and ATF might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

23.     In connection with their investigation of the RES charges, law enforcement in Dane County sought warrants to search both the iPhone 7 and the flip phone. A Wisconsin state court judge in Dane County issued a search warrant authorizing the review if the contents of the iPhone 7. The same judge declined to issue a warrant authorizing a search of the flip phone. The warrant for the iPhone 7 permitted a review of, among other things: phone information; photographs and images; video files; incoming, outgoing, and draft text messages; and

6

application data including third party messaging services applications. On or about May 15, 2024, I reviewed information extracted from the iPhone 7. During that review, I observed messages and photos consistent with drug trafficking activity, such as images/videos of suspected marijuana, communications of setting up narcotics purchases, and images/videos of brandishing U.S. Currency.

24.     Based on my training and experience as a federal law enforcement officer, I know that individuals engaged in drug trafficking often utilize cellular devices including phones, sometimes multiple phones. Drug traffickers use these phones exchange calls, messages, and photos with other individuals involved in the drug trade, including potential customers and sources of drugs for resale. These photographs and messages may include references to drugs, drug sales, drug quantities, and may sometimes refer to or show firearms.

25.     Based on the quantity and types of drugs found in the car, plus the firearm and multiple cell phones, and the messages and images I observed during my review of the iPhone 7 data extraction, there is probable cause to believe that WILLIAMS is engaged in drug trafficking. Therefore, there is probable cause that the phones found in WILLIAMS's vehicle at arrest may contain photos, messages, and other types of data described below that relate to WILLIAMS's drug-trafficking activity, including evidence of his possession and use of firearms in furtherance of that drug-trafficking activity.

26.     WILLIAMS is a convicted felon based on Milwaukee County case number 2018CF003004- Drive or operate vehicle without owner s consent, a class I felony, which WILLIAMS plead guilty to on September 6, 2019.

27.     Based on these facts, I respectfully submit that there is probable cause to search the subject phones for evidence of the following violations of federal law committed by

WILLIAMS or any other co-conspirators: **Title 18, United States Code (U.S.C.) 922(g)(1) -** *felon in possession of a firearm*; **Title 21 U.S.C. 841(a)(1) -** *Distribution of a controlled substance* and **Title 18 U.S.C. 924(c) -** *Use of a Firearm during the commission of drug trafficking.*

## **TECHNICAL TERMS**

28.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  Wireless telephone: A wireless telephone (or mobile telephone, or cellphone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.  Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved

8

by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable Media Player: A portable media player (Or MP3 Player or Apple iPod) is a handheld digital storage device designed primarily to store and play audio, video or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data.

d. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

9

f. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

g. PDA: A personal digital assistant or PDA is a handheld electronic device used for storing data (Such as names, addresses, appointments, or notes) and utilizing computer programs. Some PDAs also function as a wireless communication device and are used to access the internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a touch screen for entering data. Removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as a personal computer. For example, PDA users can work with word processing documents, spreadsheets and presentations. PDAs may also include global positioning system (GPS) technology for determining the location of the device.

29. Based on my training, experience, and research, I know that both Devices have capabilities that allow them to serve as a wireless telephone, and digital camera. In addition, the

10

Apple iPhone, model iPhone 7, IMEI **354918091970983**, cellular phone (Madison Police Property Tag 548349) also has the capability of being used as a portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

30.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

31.     There is probable cause to believe that things that were once stored on the devices may still be stored there, for at least the following reasons:

32.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the devices because:

    a.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.     Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

11

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

33.  *Nature of examination*. Based on the foregoing, and consistent with Rule **41(e)(2)(B)**, the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

34.  *Manner of execution*. Because this warrant seeks only permission to examine devices already in law enforcement's custody, the execution of this warrant does not involve the physical intrusion into a premises. Consequently, I submit there is reasonable cause for the court to authorize the execution of the warrant at any time in the day or night.

## CONCLUSION

35.  Based on the information above, I respectfully submit that there is probable cause for a search warrant authorizing the examination and extraction of electronic digital data from the subject phones described in Attachment A to seek the items described in attachment B.

12

## **ATTACHMENT A**

### *Items to be searched*

The property to be searched is described as follows:

1.  One (1) Hotpepper, model Tabacso (HPPL62A) clam/flip phone IMEI **358371950032170** currently in the possession of the ATF Milwaukee Field Office case 24-14576, EXH 1.

2.  One (1) Apple iPhone, model iPhone 7, IMEI **354918091970983** , cellular phone currently in the possession of the ATF Milwaukee Field Office , case 24-14576, EXH 2.

The aforementioned cellular phones are currently secured at the ATF Milwaukee Field Office evidence vault, located at 1000 N. Water St., suite 1400, in the City of Milwaukee.

This warrant authorizes the forensic examination of the Devices for the purpose of extracting the electronically stored information described in Attachment B.

*Property to be seized*

1.      The property to be seized on the subject phones described in Attachment A that relate to violations of **Title 18, United States Code (U.S.C.) 922(g)(1)-** *felon in possession of a firearm*; **Title 21 U.S.C. 841(a)(1)** *Distribution of a controlled substance* and **Title 18 U.S.C. 924(c) -** *Use of a Firearm during the commission of drug trafficking*, involving Antwan WILLIAMS and others, but not limited to:

2.      Communications from cellphones to include video footage as well as cellular call records and transmissions/ communications contained within mobile apps.

3.      All records on the aforementioned electronic devices that relate to violations above, including, but not limited to:

    a.  lists of contacts, photos, IP addresses, videos and any identifying information;
    b.  Photographs, videos, or other media storage connected to drugs and firearms;
    c.  types, amounts, and prices of drugs and firearms purchased/sold;
    d.  any information related to sources or purchasers of drugs and firearms (including names, addresses, phone numbers, or any other identifying   information);
    e.  all bank records, checks, credit card bills, account information, and other financial records related to drug and firearms commerce.
    f.  Any and all financial records connected to the purchase/ sale of firearms or other criminal activity;
    g.  Any information recording WILLIAMS movements or travel;
    h.  Any information or media related to WILLIAMS purchase, receipt , transfer or possession of firearms;
    i.  Text messages, social media messages and content, and multi-media messages, relating to the sale, purchase, trade or storage of narcotics and or firearms;

4.      Evidence of user attribution showing who used or owned the subject devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    a.  records of Internet Protocol addresses used;
    b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user typed web addresses.

5.      As used above, the terms "records" and "information" include all of the foregoing

items of evidence in whatever form and by whatever means they may have been created or

stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.